

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 2, 1958

Honorable O. L. Stiefer
Chief Deputy
Bureau of Labor Statistics
Capitol Station
Austin, Texas

Opinion WW-495

Re: In conducting the affairs
of the office of Labor
Commissioner, following
the death of the Labor
Commissioner, is the
Chief Deputy entitled to
receive the salary pro-
vided for the Labor Com-
missioner, and, under
such circumstances, is
the Chief Deputy entitled
to reimbursement for his
actual expenses in lieu

Dear Mr. Stiefer:                    of per diem?

  In your recent request for an opinion from this of-
fice you have asked two questions. They are substantially as
follows:

   When the Chief Deputy to the Commissioner
   of the Bureau of Labor Statistics, following
   the death of the Labor Commissioner, assumes
   the duties and powers of the Labor Commis-
   sioner and continues to perform the duties
   as Chief Deputy, is he entitled to receive
   the salary provided for the Labor Commissioner?

   Under these same circumstances is the Chief
   Deputy entitled to reimbursement for his ac-
   tual expenses in lieu of per diem?

  House Bill 109, Acts of the 31st Legislature, Regular
Session, 1909, Chapter 24, page 59, codified as Article 5144
provides for the establishment of the office of Labor Commis-
sioner and for his appointment. In part, that Articles provides:

"A Commissioner of Labor Statistics . . . shall be bienially appointed by the Governor for a term of two years. . . ."

Senate Bill 143, Acts of the 48th Legislature, Regular Session, 1943, Chapter 13, page 14, codified as Article 6252-1, Vernon's Civil Statutes, provides for the conduct of business by assistants or deputies when a physical vacancy occurs in a public office. It reads as follows:

"When there shall occur a physical vacancy in a public office in this State, by reason of death or otherwise, the duties and powers of such office shall immediately devolve upon the first assistant or chief deputy if there be one, who shall conduct the affairs of the office until the vacancy in the term thereof shall be filled by the appointment or election and qualification of a successor to the principal officer; should any such vacancy occur while the Legislature is in session (where the appointee must be confirmed by the Senate) such first assistant or chief deputy (as such) shall not discharge the duties of the office for a longer period than three (3) weeks and in no event after such session of the Legislature has adjourned. The provisions hereof shall not apply to vacancies in the membership of boards or commissions."

Provision has been made by Article 6252-1 for the Labor Commissioner's duties to be performed and his powers to be exercised in the event of a physical vacancy occurring in the office. It does not provide a method of filling the vacancy since this is the sole responsibility of the Governor.

House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, page 870, at page 1013 appropriates the money on which the Bureau of Labor Statistics operates. Item 1 of House Bill 133 provides that the salary of the Labor Commissioner is to be $8,400.00 per annum. It also provides by line item for a salary of $5,160 per annum to be paid to the Chief Deputy. The setting of salaries then is not within the discretion of the Labor Commissioner.

It is the opinion of this office that the Chief

Deputy, the position which you now occupy, remains in that position while performing the duties of the Labor Commissioner when a vacancy exists in that office and is not entitled to receive the salary provided for the Labor Commissioner.

In answer to your second question relative to reimbursement of expenses, Senate Bill 35, Acts of the 36th Legislature, Regular Session, 1919, Chapter 106, page 164, codified as Article 5151, Vernon's Civil Statutes, sets forth the expense allowance for the Commissioner. It provides:

> "The Commissioner shall be allowed necessary postage, stationery, printing, and other expenses to transact the business of the Bureau, and he and any employee of the Bureau shall be allowed his actual necessary traveling expenses while in the performance of duties required by this chapter, and within the limits of the appropriations made therefor." (Emphasis added)

We must refer to the appropriations made for the operation of the Bureau of Labor Statistics to determine what limitations, if any, have been placed upon the expense monies provided for the Bureau.

Section 29 of Article VI of House Bill 133 sets forth the travel regulations which must be followed in expending monies provided for travel for all state agencies. Paragraphs a and b of Section 29 are pertinent to your question. Those provisions are:

> "a. The amounts appropriated in this Act to each agency of the State for the payment of travel expenses are intended to be and shall be the maximum amounts to be expended by employees and officials of the respective agencies. None of the moneys appropriated by this Act for travel expenses may be expended unless the official travel and the reimbursement claims therefor are in compliance with the following conditions, limitations, and procedures:

> "b. These provisions shall apply to all officers, heads of state agencies, and employees who are reimbursed for traveling

expenses from money appropriated in this Act. Heads of State agencies shall mean elected State officials, appointed State officials, appointed State officials whose appointment is subject to Senate confirmation, . . ."

Section 38 of Article VI of House Bill 133 sets out certain exceptions to the per diem allowance. They are as follows:

"a. Members of the Legislature and other elected state officials and heads of State agencies shall be reimbursed for their actual meals, lodging and incidental expenses when traveling on official business either in or out of the State."

The Chief Deputy, even though performing the duties of the Labor Commissioner, does not come within the definition of "heads of State agencies" since he is neither elected nor appointed. Therefore, the exceptions to the per diem allowance do not apply to him. It is the opinion of this office that the chief deputy is not entitled to reimbursement for his actual expenses in lieu of per diem.

## SUMMARY

When the Chief Deputy to the Commissioner of the Bureau of Labor Statistics, following the death of the Labor Commissioner, assumes the duties and powers of the Labor Commissioner as provided in Article 6252-1, Vernon's Civil Statutes, and continues to perform the duties of Chief Deputy, he is not entitled to receive the salary provided for the Labor Commissioner. Under these same circumstances the Chief Deputy is not entitled to reimbursement for his actual expenses in lieu of per diem.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Byron Fullerton
Byron Fullerton
Assistant

BF:bb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Ray Loftin
Leonard Passmore
Mary K. Wall
Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. GEPPERT